Thompson, J.
delivered the opiiyon of the court.
The facts detailed *in the defendant’s plea are ad- [*573] mitted by the demurrer to be true; and the question then arises whether those facts will afford a justification to the defendant. It is said that the sentence of condemnation in the district court evinces that there was probable cause for this seizure,(a) and will afford grounds of justification for the defendant, who was acting as a public officer. 'Admitting there was probable cause for the seizure, still this will not shield the defendant from responsibility. In the case of Leglise v. Champante, 2 Stra. 820, it was expressly decided, that in such cases the officer seizes at his peril, and that a probable cause is no defence. This point seems fully settled in a variety of cases. The officer here is a mere volunteer, and acts at his peril, and his justification depends on the event. 3 Wil. 440. 2 Black. Rep. 912. It is not like the case of a ministerial officer who acts under process which he is bound to execute. That there was no real ground for the seizure appears by the defendant’s own showing. He states that the sentence of condemnation pronounced by the district court was, on appeal, reversed by the judgment of the circuit court. The act of congress under which the seizure was made, makes no provision for the exoneration of the custom-house officer. Nothing appears but that the defendant acted in good faith, and although it would seem reasonable that where the officer acted bona fide, and according *720 to his best judgment, he ought to be protected, yet we are bound to pronounce the law as we find it, and leave cases of hardship, where any exist, to legislative provision. Lord Kenyon, in the c$se of Warne v. Varley, 6 D. & E. 448, treats this question as long since at rest in England. He says that custom-house officers were, until a late act of parliament, (19 G. II. c. 34, s. 16,) was passed to protect them, liable to an action for seizing goods if it ultimately turned out that the goods were not the- subject matter of seizure, even though there was a probable cause for seizing them.
We are therefore of opinion, the plaintiff ought to have judgment.
Judgment for the demurrant.

 The supreme court of the United. States has determined that a commander of a United States ship is liable to damages for captu. ing a vessel when there is not a probable cause for seizure; Maley v. Shattuck, 3 Cranch, 458, though he has acted bona fide, and from a belief that it was his duty to send her in; Murray v. Charming Betsey, 2 Cranch, 64, and that the instructions of the president are no justification any further than those instructions are warranted by law. Little v. Barreme, 2 Cranch, 70. In this last case whether probable cause of seizure be a justification is queried.